CLD-084                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2692
_____

WILLIAM M. USCHOCK,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00516)
District Judge:  Honorable David S. Cercone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2017
Before:  CHAGARES, GREENAWAY, Jr., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 13, 2018)
_____

OPINION[*]
_____

PER CURIAM

     William Uschock, proceeding pro se, appeals from the orders of the United States

District Court for the Western District of Pennsylvania dismissing his civil rights

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint for failure to state a claim, and denying his motion for reconsideration. For the following reasons, we will summarily affirm.[1]

In his complaint, Uschock alleges generally that Pennsylvania's "Dunham Rule" infringes on property rights and amounts to a denial of due process of law as required by the Fifth and Fourteenth amendments. The Dunham Rule is a common law rule of construction which provides a rebuttable presumption that a reservation of mineral rights in a conveyance does not include a reservation of rights to natural gas or oil. See Highland v. Commonwealth, 161 A.2d 390, 398 (Pa. 1960) (citing Dunham & Shortt v. Kirkpatrick, 101 Pa. 36 (1882)). Uschock contends that the Dunham Rule "blocks renegotion [sic] of Shale gas ownership" and is, therefore, unconstitutional.

The District Court, adopting the Magistrate Judge's Report and Recommendation (R&R), liberally construed Uschock's complaint as seeking relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). The District Court properly concluded that the

---

[1] We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

2

sole defendant, the Commonwealth, is not a "person" for purposes of § 1983, and that the suit is barred by the Eleventh Amendment.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-66 (1989)).

We also agree that Uschock's complaint was otherwise subject to dismissal for failure to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint must allege specific plausible facts supporting claim and allowing inference that defendant is liable).  To the extent that Uschock has a recognizable property interest[2], whether his claims are analyzed under the Due Process Clause or the Takings Clause, they fail as a matter of law because he does not allege that his property was taken for public use, or state how the Dunham Rule -- merely "a rebuttable presumption in the context of a private deed conveyance" -- works to deprive him of his property without due process.  Butler v. Charles Powers Estate ex rel. Warren, 65 A.3d 885, 897 (Pa. 2013) (reaffirming the Dunham Rule, noting it has been "an unaltered, unwavering rule of property law for 131 years; indeed its origins actually date back to" 1836); Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 543 (2005) ("The [Takings] Clause expressly requires compensation where government takes private property 'for public use.'").  And, as the District Court

---

[2] In his complaint, Uschock challenged the Dunham Rule generally, but did not allege that he has an interest in any mineral rights affected by it.  In his objections to the Magistrate Judge's R&R, he states for the first time that the Dunham Rule affects his right to "open [his] gas lease to [negotiation] for the lease shale gas."  He alleged further in his motion for reconsideration that "the Uschocks are deprived of the control of the shale gas estate and monetary values entailed" by the Dunham Rule.

3

explained, the Dunham Rule's use of the "common, layperson understanding of what is and is not a mineral" in the construction of a deed, is not violative of substantive due process, as it is neither conscience shocking, nor arbitrary and capricious.  Butler, 65 A.3d at 898; see also County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998).

Uschock's motion for reconsideration was properly denied because he did not show an intervening change in the law, new evidence, or the need to correct a clear error of law.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will summarily affirm the orders of the District Court dismissing the complaint and denying the motion for reconsideration.